WILMINGTON STEAMBOAT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9637.   Promulgated December 20, 1927.

*Andrew S. Wilson, C. P. A.*, for the petitioner.
*M. N. Fisher, Esq.*, for the respondent.

706

**OPINION.**

SIEFKIN: The evidence in this case does not satisfy us that a loss has been sustained. Petitioner purchased the stocks of five corporations for a consideration consisting of notes of a face value of $111,655.63 and stock of a par value of $150,000. At first petitioner allocated $72,000 of the purchase price on its books, such sum being the par value of the stocks purchased, to the various stocks Later, on advice of the Interstate Commerce Commission that an allocation of $189,655.63 additional was necessary, that amount was allocated to the various capital stocks in proportion to their par value. Upon that basis the sum of $90,852.65 was entered on the books as the cost of the stock of the Merchants Transportation Co., of which $25,000 was to cover the par value of the stock and $65,852.65 for an element of intangible value. The only asset of the Merchants Transportation Co. was a steamer which, according to a balance sheet at April 30, 1916, cost not more than $26,314.52. The corporation was organized in November, 1915, to transport workmen to a munitions plant. There is a strong inference from these facts, and from the absence of any showing as to earnings of that company, that any intangible values attaching to the purchase of the stock of the five corporations must have been attributable, not to the Merchants Transportation Co., but to the stock of some other company or companies included in the purchase. It is improper for us to surmise and unnecessary for us to decide where such value should be allocated if we find, as we do, that there is no justification, except an arbitrary book entry, for the allocation of any part to the Merchants Transportation Co.

Even if the petitioner were able to ascertain the cost of the stock sold, there would be no deductible loss on the liquidation since the petitioner and the Merchants Transportation Co. were affiliated until the latter was dissolved. The Merchants Transportation Co. sold its assets and the gain or loss on such sale was reflected in the consolidated net income. After the sale, affiliation continued although the assets of the Merchants Transportation Co. consisted of cash.

Under such circumstances, no deductible loss results.  See *Appeal of U. S. Trust Company*, 1 B. T. A. 901, 904.  Cf. *H. S. Crocker Co.*, 5 B. T. A. 537.

*Judgment will be entered for the respondent.*

Considered by MORRIS, MURDOCK, and LITTLETON.